IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ROSSLON JOWERS,                ) | |
|     )  | |
|   Plaintiff,         ) | |
|     )  | CIVIL ACTION NO. |
|   v.                 ) | 2:12cv423-MHT |
|     )  | (WO) |
| ALABAMA BOARD OF PARDONS,      ) | |
| AND PAROLES, et al.,           ) | |
|     )  | |
|   Defendants.        ) | |

OPINION

Plaintiff Rosslon Jowers brought this action charging race and sex discrimination and naming as defendants the Alabama Board of Pardons and Paroles and three members of the board (William W. Wynne, Jr., Cliff Walker, and Robert P. Longshore). Jowers claims that the defendants' conduct violated the Fourteenth Amendment (as enforced by 42 U.S.C. § 1983) and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a, 2000e to 2000e-16). Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights) and 42 U.S.C. § 2000e-5(f)(3) (Title VII). The case is now

before this court on the defendants' motion for settlement enforcement.

At an evidentiary hearing held on December 18, 2012, the defendants contended that a settlement agreement was reached, as reflected in a handwritten settlement contract signed by both sides and a subsequent typed document including additional terms and that, thus, the case should be dismissed.  Jowers, who was proceeding without counsel after her previous attorney withdrew from representing her, countered that her attorney was not authorized (and lacked the power) to settle her case and that she should therefore be allowed to proceed in the litigation.  The court gave Jowers until January 2, 2013, to obtain new counsel and make additional arguments, and after that date, the court would decide the settlement dispute on the basis of the evidence presented at the hearing.  That date having passed and Jowers having not received new representation, the court now resolves the

matter and holds that the defendants' motion for settlement enforcement should be granted.

A district court ordinarily has the power to enforce a settlement agreement entered into by litigants while litigation is pending before that court. Mass. Cas. Ins. Co. v. Forman, 469 F.2d 259, 260 (5th Cir. 1972) (per curiam).* In determining whether a valid, enforceable settlement agreement has been reached by the parties, federal courts have differed on the source of law to apply. Courts have decided, on some occasions, that federal common law governs, see, e.g., Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503, 1516 (11th Cir. 1985) (citing Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir. 1981)), and, on other occasions, that state law governs, see, e.g., Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1350 (11th Cir. 2000). See also Hogan v. Allstate Beverage Co.,

---

* The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

3

Inc., 821 F. Supp. 2d 1274, 1279 (M.D. Ala. 2011) (Thompson, J.) (discussing the differing approaches). In this case, because the operative principles under federal common law and Alabama law do not materially differ, "the court need not resolve which body of law applies." Id.

Under Alabama law, a settlement agreement is not enforceable unless it is reduced to writing. See 1975 Ala. Code § 34-3-21 (providing that an attorney authorized to settle a client's case "has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing"); see also Hogan, 821 F. Supp. 2d at 1279. Federal law, by contrast, requires only that settlement agreements "be entered into 'voluntarily and knowingly' by the plaintiff" and "does not require ... that the settlement be reduced to writing." Fulgence, 662 F.2d at 1209. Because, in this case, both parties agree that there is

4

a written settlement contract, the difference between federal and state law is immaterial.

For an attorney to bind his client to a settlement agreement with an opposing party in litigation, the attorney must act with either "express authority" or "apparent authority."  See Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 391 (5th Cir. 1984) (federal common law); Alexander v. Burch, 968 So. 2d 992, 996-97 (Ala. 2006) (Alabama law).  In settling a lawsuit, an attorney acts with express authority when, based on the statements and conduct of the client, the attorney reasonably believes that he is acting as the client wishes.  See Restatement (Third) Of Agency § 2.01.  By contrast, an attorney acts with apparent authority when, based on the client's statements and conduct, the opposing party in the litigation reasonably believes that the client has authorized the attorney to settle the lawsuit (regardless of whether the client in fact gave such authorization).  See id. § 2.03.  Therefore, if a

5

client instructs her attorney to refuse settlement offers, but conducts herself before the opposing party in a manner that indicates the opposite, she is nevertheless bound to a settlement agreement made by her attorney. See Johnson v. Shenandoah Life Ins. Co., 281 So. 2d 636, 640 (Ala. 1973) ("The doctrine of apparent authority does not rest upon what one thinks an agent's authority may be, or what the agent holds out his authority to be; rather, the doctrine of apparent authority is based on the principal's holding the agent out to a third person as having the authority under which he acts.") (quotation marks and citation omitted).

Here, it is clear that Jowers created apparent authority for her attorney to settle the case. Jowers and her attorney met with the defendants' counsel and a representative of the defendants to discuss settlement in a mediation session conducted by one of this court's magistrate judges. After the negotiating attorneys reached agreement, a handwritten settlement contract was

drafted and signed by Jowers, the defendants' representative, and counsel for both sides. Throughout the entirety of the mediation session, Jowers did not state to the defendants' representative or counsel that she desired not to settle, nor did her outward conduct in any other way provide the defendants with any indication of such. In these circumstances, a reasonable person in the defendants' position would believe that Jowers had agreed to settlement and authorized her attorney accordingly. Jowers does not contest these facts.

The evidence, in addition to establishing apparent authority, supports that Jowers's attorney more likely than not had express authority to settle her case (that is, he had the reasonable belief that she had actually authorized him to settle). According to Jowers's testimony, she expressed misgivings to her attorney about settlement, but he stated that, in his professional opinion, her case was likely to be dismissed by the court. Jowers discussed controlling case law with the magistrate

7

judge who was mediating, and the judge told her, as Jowers recalls, that "there's a fifty/fifty chance" that she can succeed. Hr'g Tr. (Doc. No. 41) at 71:3-5. Moreover, her attorney explained that, if she rejected settlement, she would be liable for certain expenses incurred in the course of the litigation. Jowers explained, "So at this time, what choice do I have?" Id. at 67:5-6. But she also stated that: "[The attorney] knew that I didn't want to settle. As a matter of fact, I told him." Id. at 67:11-12. In the end, she concedes that she signed the settlement agreement, but that "it was against my will" and that "the only reason that I signed was because [the attorney] told me, 'There is nothing else available for you.'" Id. at 71:24-72:1. The attorney testified that, from his perspective, he always believed that Jowers had consented to settle.

Balancing the testimony, the court finds that the most probable truth is that Jowers's attorney reasonably believed Jowers's lawsuit was not likely to succeed and

that, after making Jowers aware of his opinion, Jowers begrudgingly consented to settlement while wishing that circumstances were otherwise. As such, at the time of the mediation, Jowers's attorney had express authority to settle the lawsuit on the agreed-upon terms, even though Jowers later regretted giving him that authority.

Jowers raises two arguments for why she should not be bound by the settlement agreement she signed. First, she contends that her attorney convinced her to accept a settlement agreement that she did not want and that he ignored her express desire to proceed to trial. The allegations are troubling, and if Jowers's attorney in fact sought settlement while being aware that Jowers desired to reject all offers, his conduct would likely amount to a violation of his ethical duties. <u>See</u> Ala. Rules of Prof'l Conduct 1.2(a) ("A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter."). However, because, for the reasons already explained, Jowers's attorney had both

express an apparent authority to settle her case, her argument lacks merit.

Second, Jowers contends that her attorney was never authorized to act as her attorney at all and that, thus, he could not have represented her in any capacity, let alone bound her to a settlement agreement. She states that she wanted to hire a different attorney and that, through a series of events that are not entirely clear to the court, she wound up with another lawyer purporting to represent her. Regardless as to whether Jowers wanted to hire a different attorney initially, the attorney who accompanied her to the mediation before the magistrate judge had both express and apparent authority to settle her case, and she is thus now bound by that settlement.

***

The court will, therefore, enter a judgment providing for the following: first, granting the defendants' motion

to enforce the settlement agreement; and, second, requiring the parties to comply with the settlement agreement. Because the agreement includes, among its provisions, a requirement that Jowers's lawsuit be dismissed, the court will dismiss her claims. However, this dismissal will not be of the entire lawsuit, for the court will retain jurisdiction to enforce the settlement agreement; in other words, the aspect of this case regarding enforcement of the settlement will not be dismissed.

DONE, this the 4th day of February, 2013.

                                   /s/ Myron H. Thompson  
                                   **UNITED STATES DISTRICT JUDGE**